

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700          973/645-2700
Newark, NJ 07102

SUE/PL AGR
2013R00623

January 7, 2014

Ryan Blanch, Esq.
Bradley L. Henry, Esq.
Blanch Law Firm, PC
261 Madison Avenue
12th Floor
New York, NY 10016

Re:  Plea Agreement with KETANKUMAR MANIAR   14-291(JAP)-01
     (a/k/a "KETAN MANIAR")

Dear Messrs. Blanch and Henry:

        This letter sets forth the plea agreement between your client, KETANKUMAR MANIAR, a/k/a "KETAN MANIAR," and the United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until January 31, 2014, and if this plea agreement is not executed and returned to this Office on or before that date, this offer will expire.

Charges

        Conditioned on the understandings specified below, this Office will accept a guilty plea from KETANKUMAR MANIAR to a two-count information.  Counts One and Two each charge KETANKUMAR MANIAR with theft of trade secrets, in violation of 18 U.S.C. §§ 1832 and 2.  If KETANKUMAR MANIAR enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against KETANKUMAR MANIAR for his theft of trade secrets from his former employers, C.R. Bard, Inc. ("BARD") and Becton, Dickinson and

-1-

*[handwritten: THIS PLEA AGREEMENT COVERS ALL CONDUCT FROM JAN.]*

Company ("BD") ~~between in or about June 2008 through in or about June 2013.~~ However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by KETANKUMAR MANIAR may be commenced against him, notwithstanding the expiration of the limitations period after KETANKUMAR MANIAR signs the agreement.

*[handwritten margin: 2004 THROU THE SIGNAT DATE O THIS P. AGREEME BH 3E]*

<u>Sentencing</u>

        The violations of 18 U.S.C. § 1832 to which KETANKUMAR MANIAR agrees to plead guilty each carry a statutory maximum prison sentence of 10 years, and a statutory maximum fine equal to the greatest of:  (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses.  The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

        The sentence to be imposed upon KETANKUMAR MANIAR is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence KETANKUMAR MANIAR ultimately will receive.

        Further, in addition to imposing any other penalty on KETANKUMAR MANIAR, the sentencing judge:  (1) will order KETANKUMAR MANIAR to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order KETANKUMAR MANIAR to pay restitution pursuant to 18 U.S.C. § 3663 <u>et seq.</u>; (3) may order KETANKUMAR MANIAR, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require KETANKUMAR MANIAR to serve a term of supervised release of not more than three years per count, which will begin at the expiration of any

term of imprisonment imposed.   Should KETANKUMAR MANIAR be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, KETANKUMAR MANIAR may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, KETANKUMAR MANIAR agrees to make full restitution to BARD and BD, respectively, for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on KETANKUMAR MANIAR by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.   In addition, this Office may inform the sentencing judge and the United States Probation Office of:   (1) this agreement; and (2) the full nature and extent of KETANKUMAR MANIAR's activities and relevant conduct with respect to this case.

Stipulations

This Office and KETANKUMAR MANIAR agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.   This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.   To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.   Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.   Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound

by any such stipulation.   A determination that any stipulation is not
binding shall not release either this Office or KETANKUMAR MANIAR from
any other portion of this agreement, including any other stipulation.
If the sentencing court rejects a stipulation, both parties reserve
the right to argue on appeal or at post-sentencing proceedings that
the sentencing court was within its discretion and authority to do
so.   These stipulations do not restrict this Office's right to respond
to questions from the Court and to correct misinformation that has
been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and KETANKUMAR
MANIAR waive certain rights to file an appeal, collateral attack,
writ, or motion after sentencing, including but not limited to an
appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

KETANKUMAR MANIAR agrees that as part of his acceptance of
responsibility and pursuant to 18 U.S.C. §§ 1834 and 2323, he will
forfeit to the United States:   (1) all articles the trafficking of
which is prohibited under chapter 90 of Title 18 of the United States
Code, including but not limited to all trade secrets and/or
confidential information of BARD, BD, and/or any other former employer
of KETANKUMAR MANIAR; (2) all property used or intended to be used
in any manner or part to commit or facilitate the commission of the
offenses charged, including, but not limited to the following
computers and computer accessories:   (a) a silver Apple MacBook Air
laptop, Model A1466, bearing serial number C02JL7L5DRVD, with power
cord; (b) a black Lenovo IdeaPad laptop, Model 0646, bearing serial
number QB02251821, with power cord; (c) an iPad, bearing serial number
DMPJFQU0F185, with case and chargers; (d) a silver, 1TB G-Drive Mobile
USB drive, Model 0G02221, bearing serial number 71G6A95D; (e) a black,
1TB Seagate Expansion Portable Drive, Model SRD00F1, bearing serial
number NA42G06L, with USB cord; (f) a black, 1TB Seagate external hard
drive, bearing serial number 2GE46S6F, with USB cord and case;
(g) a red, 8GB Kingston Data Traveler, Model 101G2, thumb drive,
bearing internal serial number 0013729B5F21BA7026370C94, with silver
cap and key ring; (h) a silver and black Apple Disk Reader, Model A1379,
bearing serial number C02HNMNUF4GW; (i) an iMag credit card reader,
bearing serial number T105101745, with box; and (j) a Roam Pay credit
card reader, bearing serial number 10010727100201; and (3) all
property constituting or derived from any proceeds obtained directly

-4-

or indirectly as a result of the commission of the offenses charged (hereinafter, collectively, the "Forfeitable Property").

KETANKUMAR MANIAR further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. KETANKUMAR MANIAR agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. KETANKUMAR MANIAR understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

KETANKUMAR MANIAR hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense(s) may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against KETANKUMAR MANIAR.  This agreement does not prohibit the United States, any agency thereof (including Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against KETANKUMAR MANIAR.

No Other Promises

This agreement constitutes the plea agreement between KETANKUMAR MANIAR and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: SHIRLEY U. EMEHELU
Assistant U.S. Attorney

APPROVED:

CHRISTOPHER J. KELLY
Chief, Economic Crimes Unit

I have received this letter from my attorneys, Ryan Blanch, Esq. and Bradley L. Henry, Esq.  I have read it.  My attorneys and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.


AGREED AND ACCEPTED:


_____          Date: 03/18/14
KETANKUMAR MANIAR



We have discussed with our client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  Our client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____          Date: 3/31/14
Ryan Blanch, Esq.
Bradley L. Henry, Esq.

-7-

## Plea Agreement with KETANKUMAR MANIAR

### Schedule A

1.    This Office and KETANKUMAR MANIAR recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and KETANKUMAR MANIAR nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence KETANKUMAR MANIAR within the Guidelines range that results from the total Guidelines offense level set forth below.   This Office and KETANKUMAR MANIAR further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.    The version of the United States Sentencing Guidelines effective November 1, ~~2013~~ applies in this case.
2012 BH SE

3.    The parties agree that Counts One and Two group together pursuant to U.S.S.G. § 3D1.2(d) (the "Group").   The parties further agree that the applicable guideline for the Group is U.S.S.G. § 2B1.1(a)(2).   This guideline carries a Base Offense Level of 6.

4.    Specific Offense Characteristic § 2B1.1(b)(1)(F) applies to the Group, because the aggregate loss amount is greater than $120,000 but not more than $200,000.   This Specific Offense Characteristic results in an increase of 10 levels.

5.    KETANKUMAR MANIAR abused a position of private trust in a manner that significantly facilitated the commission or concealment of the relevant criminal activity, pursuant to U.S.S.G. § 3B1.3.   This results in an increase of 2 levels.

6.    The total Guideline offense level applicable to KETANKUMAR MANIAR is therefore 18.   See U.S.S.G. § 3D1.3(b) & app. n. 3.

7.    As of the date of this letter, KETANKUMAR MANIAR has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged.   Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if KETANKUMAR MANIAR's acceptance of responsibility continues through the date of sentencing.   See U.S.S.G. § 3E1.1(a).

8.    As of the date of this letter, KETANKUMAR MANIAR has assisted authorities in the investigation or prosecution of his own

misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in KETANKUMAR MANIAR's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) KETANKUMAR MANIAR enters a plea pursuant to this agreement, (b) this Office in its discretion determines that KETANKUMAR MANIAR's acceptance of responsibility has continued through the date of sentencing and KETANKUMAR MANIAR therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) KETANKUMAR MANIAR's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to KETANKUMAR MANIAR is 15 (the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 15 is reasonable.

11. KETANKUMAR MANIAR knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 15. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 15. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12.   Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.